```
                                    FILED by ___ D.C.
                                    ELECTRONIC

                                    Nov 22 2005

                                    CLARENCE MADDOX
                                    CLERK U.S. DIST. CT.
                                    S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)
Case No.:04-21140-CIV-HUCK/SIMONTON/HARMON

NISSIM CORP.,

      Plaintiff,

v.

CLEARPLAY, INC.,
MATTHEW JARMAN,
LEE JARMAN,
WILLIAM AHO,

      Defendants.

---

**DEFENDANTS' STATEMENT CONCERNING "STANDARD MODE" AND PAST LICENSING REQUESTED BY THE COURT**

---

Defendants ClearPlay, Inc., Matthew Jarman, Lee Jarman, and William Aho (collectively "ClearPlay"), by their undersigned counsel, hereby submit its Statement Concerning "Standard Mode" and the relationship between that "mode" and past licensing by Thomson from Nissim, and state as follows:

At the Pretrial Conference of Friday, November 18, 2005, the Court requested ClearPlay's position with respect to a stipulation concerning the scope of a license between Nissim and Thomson that may or may not be necessary to operate a DVD Player in what has been described as "Standard Mode." It is undisputed that Thomson has taken a license from Nissim. It is further undisputed that to the extent that any Thomson DVD Player would infringe any of the Asserted Patents by practicing any requirement of the DVD Specifications, such infringement has been specifically licensed. It is further undisputed that Thomson is the manufacturer of the DVD Player in question in this case. It is similarly undisputed that the Thomson-Nissim license does not purport to grant a license for use of the ClearPlay software or filters in question.

Nissim contends that it is necessary for ClearPlay to stipulate that the Thomson license is required to practice the DVD Specifications and thus to operate the DVD Player in question in

"Standard Mode."  Nissim filed an entirely separate lawsuit concerning this point and any such admission would certainly have effect in that subsequent litigation.  This litigation is not the appropriate forum to litigate that separate dispute.  ClearPlay has not, at this time, conducted a detailed review of all the potential assertions in the DVD Specification to determine if the Asserted Nissim Patents are valid and infringed by practicing the various aspects of the DVD Specification to which Nissim has asserted its patents relate.  In any event, Nissim has already admitted that the license covers practicing the DVD Specification.  That admission coupled with the fact that the license was granted to the manufacturer of the player, precludes any dispute that infringement by merely practicing the DVD Specification is actionable here.  That is, Nissim has asserted that it has already granted a license (to Thomson) for this aspect of a DVD Player.  Thus, it can not now recover from ClearPlay, downstream user, for patent infringement.

In light of the Court' request, however, the following is an acceptable stipulation.

> Thomson has licensed certain Nissim patents.  Without admitting that any of those patents are valid or infringed by practicing the DVD Specification, the licenses purport to grant the right to operate in what has been described as "Standard Mode."  As such, if the RCA DVD Player containing ClearPlay software would infringe the patents in Standard Mode, that operation has been licensed.

Respectfully submitted this 22nd day of November, 2005.

        Lee & Amtzis PL
        5550 Glades Road, Suite 401
        Boca Raton, FL 33431
        Tel:  561-981-9988
        Fax:  561-981-9980

        By: _/s/ Wayne Schwartz_____
        Wayne Schwartz
        schwartz@leeamlaw.com

    -AND-

2

Gregory S. Tamkin, Esq.
Tucker K. Trautman, Esq.
Dorsey & Whitney, LLP
370 17th Street, Suite 4700
Denver, Colorado 80202-5647
Tel:303-629-3438
Fax:303-629-3450

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing DEFENDANTS' STATEMENT CONCERNING "STANDARD MODE" AND PAST LICENSING REQUESTED BY THE COURT was served by U.S. Mail and facsimile transmission on this 22nd day of November, 2005 to: John C. Carey, Esq., and Richard J. Mockler, Esq., STROOCK & STROOCK & LAVAN LLP, 3160 Wachovia Financial Center, 200 South Biscayne Blvd., Miami, Florida 33131.

_____
WAYNE H. SCHWARTZ

3