**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 04-21140-CIV-HUCK/O'SULLIVAN

NISSIM CORP.,

            Plaintiff,

vs.

CLEARPLAY, INC.,
MATTHEW JARMAN,
LEE JARMAN, and
WILLIAM AHO,

            Defendants.

_____/

**PLAINTIFF NISSIM CORP.'S OBJECTIONS TO DEFENDANT CLEARPLAY,**
**INC.'S BILL OF COSTS**

Plaintiff Nissim Corp. ("Nissim") hereby objects to Defendant ClearPlay, Inc.'s ("ClearPlay") Bill of Costs (D.E. 643).

**I.     Introduction**

ClearPlay has filed a bill of costs for $43,827.24, allegedly pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  D.E. 643-2 at 1.  The vast majority of ClearPlay's claimed costs are not recoverable under applicable law.  ClearPlay seeks but is not entitled not recover: 1) *pro hac vice* filing fees associated with its Utah counsel; 2) costs for transcripts where ClearPlay has not even attempted to show that such transcripts were necessarily obtained for use in the case and because the costs of expedited or daily transcripts were incurred solely for the convenience of counsel; 3) costs for exemplification and copies of papers where ClearPlay has completely failed to identify what papers were copied, how many copies were made, the rate charged per

copy, how the copies were supposedly necessarily obtained for use in the case and not made merely for the convenience of counsel; 4) costs for "online computer services"; and 5) costs for airfare, lodging, meals, etc.  None of these claimed costs are properly taxable under 28 U.S.C. § 1920.  Rather, as discussed herein, properly taxable costs are at most **$9,796.30**.[1]  Additionally, to the extent ClearPlay attempts to buttress its Bill of Costs with belated evidence that it could have submitted originally in support of its Bill of Costs, such a belated attempt, which would be inherently unfair and prejudicial to Nissim, should be rejected by the Court.

## II.    Legal Standard

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, courts may only tax costs as authorized by statute.  *See EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir.2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).  "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  A judge or clerk of any court of the United States may tax as costs: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  28 U.S.C. § 1920 (2007).

---

[1] Allowable costs for special master hearing transcripts ($9,579.40) + other transcripts ($207.06) + printing fees ($9.84) = $9,796.30.

Recent decisions from this District have applied this standard.  *See, e.g., Galvez v. Cuevas*, 2009 WL 1024632 at *5-6 (S.D. Fla. Apr. 15, 2009) (taxing $483.74 of $828.74 sought, including filing fee); *Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at * 12-13 (S.D. Fla. Apr. 14, 2009) (taxing $1,624.90 of $2,142.49 sought); *Gill v. Graham, Noble, & Assocs. LLC*, 2008 WL 5069705, at *4 (S.D. Fla. Nov. 13, 2008) (taxing $375.00 for filing fee and cost of service of process).

### III.    Argument

#### A.    Counsel's pro hac vice fees are not taxable.

ClearPlay claims that Nissim should pay for $150.00 in *pro hac vice* filing fees associated with having its Utah counsel granted permission to appear before this Court. Pro hac vice fees are not reimbursable fees of the clerk under the statute.  *See, e.g., Rakes v. Life Investors Ins. Co. of America*, 2008 WL 4852932, at *4-5 (N.D. Iowa Nov. 7, 2008) (citing 28 U.S.C. § 1920; *see, e.g. Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456 (M.D. Ala.1997), *aff'd*, 162 F.3d 98 (11th Cir. 1998) (28 U.S.C. § 1920 does not authorize taking pro hac vice fees as costs. "Costs" is a term of art which is not synonymous with expense.); *see also Sanfilippo v. Comm'r of Soc. Sec.*, 2008 WL 1957836, at *5 (M.D. Fla. May 5, 2008) (citing *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997) (pro hac vice fee not taxable)).   Such fees are an expense of counsel for the privilege of practicing law in the district and are not recoverable under Rule 54(d) or 28 U.S.C. § 1920(1).  *See Gidding v. Anderson*, 2008 WL 5068524, at *2 (N.D. Cal. Nov. 24, 2008) (citing *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Miss. 1994)).

B.      **Most of ClearPlay's requested transcription costs are not taxable.**

ClearPlay seeks to tax $21,967.49 as costs of the court reporter for transcripts. However, more than half of these claimed costs are not taxable. Nissim will address its objections to the various requested transcript costs by category.

1.      **Expedited Hearing Transcripts**

ClearPlay requests $15,858.80 for expedited transcripts of the special master hearings and $1,650.00 for attendance charges associated therewith. The expedited nature of these transcripts was for the convenience of counsel and therefore the additional expense is not taxable. *See Nat'l Bancard Corp. v. VISA, U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986) (holding that "the expedited nature of the transcript was for the convenience of counsel and therefore the additional expense is not taxable"); *see Davis v. Sailormen, Inc.*, 2007 WL 1752465, at *4 (M.D. Fla. June 15, 2007) (finding that expediting production of deposition transcripts was cost incurred only for convenience of counsel and not taxable.).

In the absence of evidence that it was necessary to expedite these transcripts, which evidence ClearPlay failed to provide, ClearPlay's costs for expedited transcripts should not be allowed. *See Responsible Me, Inc. v. Evenflo Co., Inc.*, 2009 WL 528247, at *8 (S.D. Fla. Mar. 2, 2009) (finding that additional cost was necessary where "Plaintiff did not produce these individuals until one week before Defendants' motions in limine were due" and "Defendants needed the transcripts of these individuals to support their *Daubert* motions….") (citing *Ferrostaal, Inc. v. M/V Tupungato*, 2008 WL 2796644, *2 (S.D.N.Y. July 16, 2008) (court found that deposition transcript was expedited in order to meet pre-trial order motion deadline and therefore the costs for expedition were properly

taxed); *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1025 (N.D. Ohio 1997) (taxing costs of an expedited transcript, where such transcript was necessary for impending preliminary injunction hearing)).

Here, there was no impending court deadline or delay caused by Nissim that required these transcripts to be expedited. To the contrary, ClearPlay had more than one month from the conclusion of the special master hearings within which to submit proposed findings of fact and conclusions of law, and ClearPlay had more than one month from Nissim's filing of its objections to the special master's report and recommendation within which to submit its response. Obtaining expedited transcripts was not required and was incurred solely for the benefit of ClearPlay and its counsel; such costs cannot now be foisted on Nissim.

The presence of several ClearPlay attorneys throughout the special master proceedings, who were available to take notes, also obviates the need for expedited transcripts. *See Nat'l Bancard Corp..*, 112 F.R.D. 62 at 64; *Karmel v. City of New York*, 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008). The Court should not tax Nissim with the enormous cost of expedited transcripts simply because none of ClearPlay's multiple attorneys chose to take notes. *See Karmel*, 2008 WL 216929, at *3.

Accordingly, expedited transcription costs should not be recovered. *Nat'l Bancard Corp..*, 112 F.R.D. 62 at 64; *Davis v. Sailormen, Inc.*, 2007 WL 1752465, at *4. Where, as here, the non-expedited rate is not apparent from the court reporter's bills, the taxable cost of the expedited transcripts should be cut *in half. Karmel*, 2008 WL 216929, at *4 (cutting taxable cost of pretrial transcripts in half where non-expedited price was not apparent from bills). Thus, the amount taxable for ClearPlay's special master hearing

transcripts would be $7,929.80 [(1/2)($15,858.80)], plus the $1,650.00 in attendance charges, for a total of $9,579.40.

### 2. Deposition transcripts

ClearPlay seeks $2,096.64 in costs for ordinary transcripts of depositions taken of ClearPlay's own employees. Costs associated with depositions that are "merely incurred for convenience, to aid in thorough preparation," are not taxable. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) (quotations omitted); *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 2009 WL 1210998, at *3 (S.D. Fla. May 1, 2009) (disallowing deposition costs)). Instead, to be taxable, the deposition transcript must have been "necessarily obtained for use in the case." *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 2009 WL 1210998, at *3 (quoting 28 U.S.C. § 1920(2)). Here, the deposition transcripts were not necessarily obtained for use in the case because they are transcripts of depositions of ClearPlay's own witnesses – Matthew Jarman, Damian Kidd, and Phillip Fisher – who were at all times available to ClearPlay to call to testify at hearing or trial if ClearPlay wished to do so. In fact, ClearPlay did not offer any of these deposition transcripts into evidence at any time. ClearPlay did not even call Mr. Fisher to testify. Where witnesses are available to a party for examination at trial, their depositions are not necessarily obtained for use in the case, and the costs of transcribing their depositions are thus not taxable to the other party. *See, e.g.*, *Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 274 (D. Alaska 1962).

### 3. Cost of the March 9, 2009 trial transcript

ClearPlay seeks $973.44 for the 208-page transcript of the evidentiary hearing the Court held on March 9, 2009. ClearPlay has not shown that this transcript was

"necessarily obtained for use in the case."  Since this was the transcript of the evidentiary hearing that finally resolved those claims, the transcript was not necessarily obtained by ClearPlay for use in the case.  *See Gillam*, 31 F.R.D. at 273 ("Fees of the court reporter for all or any part of stenographic transcripts obtained during the trial are allowed only when the transcripts are necessarily obtained for use in the case. It must be shown that they are necessary for use of the court unless ordered by the court. Such fees are not allowed where the transcripts are obtained by the parties for their own convenience." (citing cases).  Even if it was, both parties are equally entitled to the cost, as Nissim prevailed on some of the claims that were tried therein.  *See* D.E. 628 (granting Nissim's Motion to Enforce Settlement and License Agreement with respect to ClearPlay's royalty reporting).  Thus, ClearPlay should not be awarded the $973.44 cost of the March 9, 2009 hearing transcript.  *See All W. Pet Supply Co. v. Hill's Pet Prods. Div.*, 153 F.R.D. 667, 669-70 (Kan. 1994) ("[U]nder the particular circumstances of this case, the court in the exercise of its discretion pursuant to Fed. R. Civ. P. 54(d) declines to award costs to any of the parties, since each of them prevailed, at least in part, in this court.") (citing *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 517 (7th Cir. 1990) (district court did not abuse its discretion in denying costs where both parties prevailed in part); *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir.), *cert. denied*, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980) (plaintiff prevailed in part on her claims and defendant prevailed on its counterclaim; no abuse of discretion to order each party to bear its own costs); *Armour & Co. v. Nard*, 463 F.2d 8, 9-10 (8th Cir. 1972) (court properly exercised its discretion in ordering each party to bear its own costs in contract action in which plaintiff prevailed on claim and defendant prevailed on one of

two counterclaims); *Kalkowski v. Ronco, Inc.*, 424 F. Supp. 343, 354 (N.D. Ill. 1976) (usual practice is to deny costs to either party where both have prevailed in part in the lower court).

### 4.    Other court reporter costs

ClearPlay also seeks to recover $1,054.10 in costs for video synchronization, exhibit scanning, and shipping and handling.  However, as this Court has previously noted in another case, none of these costs are taxable.  *See, e.g., Klayman v. Freedom's Watch, Inc.*, 2008 WL 4194881, at *4 (S.D. Fla. Sept. 12, 2008) (Huck, J.) (explaining that such charges are surplus and are not covered as deposition fees under 28 U.S.C. § 1920(2)); *Cardinale v. Southern Homes of Polk County, Inc.*, 2008 WL 2199273, at *1 (M.D. Fla. May 27, 2008); *George v. Fla. Dept. of Corrections*, 2008 WL 2571348, (S.D. Fla. May 23, 2008) (subtracting such costs); *see also Utopia Provider Sys.*, 2009 WL 1210998, at *3.  Section 1920 is not designed to reimburse for all of the bells and whistles utilized in the presentation or defense of a case.  *Waste Servs., Inc. v. Waste Mgmt. Inc.*, 2007 WL 1174116, at *5 (M.D. Fla. Apr. 18, 2007).  While it may be appropriate to use the latest technology to "manipulate" the evidence in a case, and justifiable to charge a client for same, unless it is included in the language of Section 1920 or authorized by agreement of the parties, the expense is not a taxable cost.  *Id.* (citing *Crawford Fitting Co.*, 482 U.S. at 445).

### C.    ClearPlay's photocopying costs are not taxable.

ClearPlay seeks to tax $10,653.55 as costs "for exemplification and copies of papers necessarily obtained for use in the case."  However, none of these costs should be taxed because ClearPlay completely failed to show that the copies were "necessarily

obtained for use in the case." *See Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *15 (S.D. Fla. Apr. 14, 2009) (refusing to award copy costs where party failed to provide information showing that such copies were necessarily obtained for use in the case, and not for mere convenience of counsel); *Dial v. Little Wagon Errand Servs., Inc.,* 2008 WL 227967, at *5 (M.D. Fla. Jan. 25, 2008) (holding party failed to sustain burden of proving that copying expenses were taxable).

In evaluating copying costs, the court should consider whether the party could have reasonably believed that it was necessary to copy the papers at issue. *Eugene*, 2009 WL 996016, at *14. The party moving for an award of copying costs has the burden of showing that the copies were necessarily obtained for use in the case. *Id.* at *15. ClearPlay was required to come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Id.* It did not. Instead, ClearPlay only attached invoices from its two law firms. Carlton Fields' invoices merely say "COPYING COST" or "COLOR COPYING COST". Stoel Rives' invoices simply state "Photocopies", "Document Reproduction" and "Special Copy". None of the proffered invoices show what was copied, how many copies were made, how the copies were used, or the rate charged for copying. Since ClearPlay has wholly failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, and since ClearPlay has failed to provide even the most rudimentary information needed to ensure its claimed copying charges are not excessive, ClearPlay cannot recover the $10,653.55 it seeks for photocopying. *See Eugene*, 2009 WL 996016, at *15 (citing *Desisto College, Inc., v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989) (declining to award costs for copies

because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

> **D.      ClearPlay's "online computer services" are not taxable.**

ClearPlay's invoices also include costs for "online computer services".  *See* D.E. 643-4 at 3, 5.  From Nissim's careful review of the invoices, Nissim determined that ClearPlay is seeking to recover these unknown costs as "Docket fees under 28 U.S.C. 1923", as the combined amount of these charges ($18.56 and $67.11, for a total of $85.67) matches the bill of costs section for "Docket fees under 28 U.S.C. 1923".  These costs should not be taxed.  First, ClearPlay does not even identify what these services are.  Second, ClearPlay has not shown how these costs fall under 28 U.S.C. 1923.  Section 1923 provides, in pertinent part, that:

> **(a)** Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:
>
> > $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10;
> >
> > $20 in admiralty appeals involving not over $1,000;
> >
> > $50 in admiralty appeals involving not over $5,000;
> >
> > $100 in admiralty appeals involving more than $5,000;
> >
> > $5 on discontinuance of a civil action;
> >
> > $5 on motion for judgment and other proceedings on recognizances;
> >
> > $2.50 for each deposition admitted in evidence.

28 U.S.C. 1923(a).  Again, ClearPlay provided no explanation or documentation showing how $18.56 and $67.11, for a total of $85.67, fall under section 1923.  These costs should not be taxed.

E.    **ClearPlay's other costs are not taxable.**

1.    **Travel expenses for ClearPlay employees**

ClearPlay's seeks to tax $4,099.00 as expenses for its principals and employees Matthew Jarman, Damian Kidd and Phillip Fisher to travel to the special master hearing. Mr. Fisher was not even called to testify at the hearing. Moreover, travel expenses are not taxable as costs under section 1920. *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1546 (S.D. Fla. 1991) (travel expenses not taxable), *aff'd*, 961 F.2d 174 (11th Cir. 1992); *Moore v. Appliance Direct, Inc.*, 2009 WL 909271, at *3 (M.D. Fla. Apr. 1, 2009) (citing same). Costs not specifically enumerated in section 1920 are not recoverable and travel expenses are not specifically enumerated in section 1920, thus travel expenses are not recoverable. *See Dictiomatic, Inc. v. U.S. Fidelity & Guar. Co.*, 2000 WL 33115333, at *13 (S.D. Fla. May 2, 2000) (citing *Tang How*, 756 F. Supp. at 1545).

2.    **Lodging and food for ClearPlay employees**

For the same reasons given as to ClearPlay's travel expenses, ClearPlay's lodging and food expenses – listed as $6,861.69 – are not taxable. *See Dictiomatic, Inc. v. U.S. Fid. & Guar. Co.*, 2000 WL 33115333, at *13 (S.D. Fla. May 2, 2000) (citing *Tang How*, 756 F. Supp. at 1545) ("Costs not specifically enumerated are not recoverable. For instance, costs incurred in mailing and sending documents by mail; express mail; facsimiles; travel expenses; and expert witness fees are not recoverable."). Thus, ClearPlay is not entitled to recover the $10,960.69 it seeks in other costs.

IV.   **Conclusion**

For the foregoing reasons, Nissim objects to ClearPlay's Bill of Costs.  Taxable costs are at most **$9,796.30**.  As discussed above, the other costs claimed by ClearPlay are not properly taxable.

Dated:  May 18, 2009                    Respectfully submitted,

                                        *s/ John C. Carey*
                                        John C. Carey (Fla. Bar No. 78379)
                                            jcarey@crgplaw.com
                                        Allison J. Cammack (Fla. Bar No. 17224)
                                            acammack@crgplaw.com
                                        CAREY RODRIGUEZ GREENBERG PAUL,LLP
                                        1395 Brickell Avenue, Suite 700
                                        Miami, Florida 33131
                                        Telephone:  (305) 372-7474
                                        Facsimile:  (305) 372-7475

                                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel listed below.

| | |
|---|---|
| Thomas Meeks, Esq.<br>   tmeeks@carltonfields.com<br>CARLTON FIELDS, P.A.<br>100 S.E. Second Street, Suite 4000<br>Miami, FL 33131<br>Tel:  305-530-0050<br>Fax:  305-530-0055 | David J. Jordan, Esq.<br>   djjordan@stoel.com<br>David L. Mortensen, Esq.<br>   dlmortensen@stoel.com<br>STOEL RIVES LLP<br>201 South Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>Tel: 801-328-3131 |

*Counsel for Defendants*

                         *s/John C. Carey*