UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-21140-CIV-HUCK/O'SULLIVAN

NISSIM CORP.,

    Plaintiff,
v.

CLEARPLAY, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the defendant, Clearplay, Inc.'s Notice of Filing Bill of Costs (DE #643, 4/30/09). The Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned pursuant to 29 U.S.C. §636(b). Having carefully reviewed the filings and applicable law, the undersigned recommends that the defendant, Clearplay, Inc.'s Notice of Filing Bill of Costs (DE #643, 4/30/09) be GRANTED in part and DENIED in part in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed this lawsuit against the defendant in May of 2004 alleging that the defendant had violated certain of the plaintiff's patents pertaining to random access technology for the editing of video programs based on content (DE #1, 5/13/04). The parties reached a settlement in the case and entered into a Settlement and License Agreement, and the Court retained jurisdiction to enforce the terms of the settlement agreement. See Final Order of Dismissal (DE #440, 12/01/05). On July 8,

2008, this Court appointed David Friedland as a Special Master to evaluate a representative sample of films which the plaintiff complained failed to comply with the Settlement and License Agreement between the plaintiff and the defendant (DE # 563). After hearing witnesses and argument and reviewing evidence submitted by the parties, the Special Master produced an Amended Report and Recommendation in which he found that the defendant had complied with the Settlement and License Agreement (DE #604, 2/11/09).  After reviewing the plaintiff's objections to the Special Master's Amended Report and Recommendation, the Court found that the Special Master committed no clear error in his determination that the defendant complied with the agreement and affirmed the Special Master's findings (DE #639, 3/31/09).

The defendant filed the Bill of Costs (DE #643) on April 30, 2009.  On May 18, 2009, the plaintiff filed its Objections to Defendant Clearplay, Inc.'s Bill of Costs (DE #647).  On May 29, 2009, the defendant filed its Response in Support of its Bill of Costs (DE #652).  On June 8, 2009, the plaintiff filed a Reply Regarding Its Objections to Clearplay's Bill of Costs (DE #662).

## **ANALYSIS**

Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party."  A 'prevailing party' for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered, regardless of the amount of damages awarded.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002).  The defendant is the

prevailing party in the case at bar because the Court, in its Order on Amended Report and Recommendation of Special Master, affirmed the finding of the Special master that the defendant complied with the Settlement and License Agreement.  (DE #639, 3/31/09).  The defendant is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.  A court is limited to taxing only those costs specifically authorized by statute.  See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Specific costs which may be awarded are set forth in Rule 54, Fed.R.Civ.P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc.,  213 F. 3d

600, 620 (11th Cir. 2000) (citations omitted).

The defendant requests reimbursement for costs in the amount of $25,744.91[1]. The undersigned recommends the following costs be awarded.

### A. Fees of the Clerk

The defendant initially requested $150.00 in *pro hac vice* filing fees. Following objections by the plaintiff, the defendant withdrew those requests. 28 U.S.C. §1920 does not authorize taxing *pro hac vice* fees as costs. See Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd*, 162 F.3d 98 (11th Cir. 1998). The undersigned recommends that the defendant not recover $150.00 in *pro hac vice* filing fees.

### B. Fees of the Court Reporter

The defendant requests $15,184.22[2] in costs associated with fees of the court reporter. Fees of the court reporter are properly recoverable under 28 U.S.C. § 1920(2), which provides for the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The defendant's request for costs associated with fees of the court reporter reflects a reduction following the plaintiff's initial objections to requests for expediting, shipping, and scanning costs.

---

[1] The initial Bill of Costs requested cost reimbursement in the amount of $43,827. The reply (DE # 652) reduces the requested cost recovery to $25,744.91.

[2] The initial Bill of Costs requested $21,967.49 in Court Reporter Fees. The reply (DE # 652) reduces the requested amount to $15,184.22.

I.  Expedited Transcripts

The plaintiff, relying on Karmel v. City of New York, 2008 WL 216929 (S.D.N.Y. Jan. 9, 2008), contends that the costs of any expedited transcripts should be cut in half because the non-expedited rate was not reflected on the invoice for those transcripts. See Karmel, 2008 WL 216929 at *4.  The defendant concedes that expedited transcripts are not taxable, but requests that it recover the cost of non-expedited transcripts, the rates for which the defendant has provided in its Response in Support of Its Bill of Costs.  See (DE #652, 5/29/09).  The undersigned recommends that the defendant recover the fees for the printed transcripts at the non-expedited rate provided by the defendant.

II.  The Defendant is Entitled to Transcript Costs from the Deposition of Its Witnesses

The plaintiff objects to the defendant's request for costs for transcripts from depositions of the defendant's employees.  The appropriate inquiry in this Circuit, is whether the deposition related to an issue in the case.  See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2001) ("deposition costs allowable where there is no evidence that the depositions were not related to an issue in the case when the depositions were taken.") see also National Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 669 (S.D.Fla. 1986) (cost of deposition not used at trial taxable if deposition appeared reasonably necessary at time of taking).  Because the depositions of Matthew Jarman, Damian Kidd, and Phillip Fisher related to an issue in the case, the undersigned finds that the defendant is entitled to recover the costs for transcripts from those depositions.

5

### III. The Defendant is Entitled to Recover the Cost of the Transcript from the March 9, 2009, Evidentiary Hearing

The plaintiff objects to the defendant's request for the cost of the transcript from the evidentiary hearing held on March 9, 2009. The plaintiff claims that the defendant has not shown that the transcript was necessarily obtained for use in the case and further contends that the defendant is not entitled to recover the cost because the plaintiff prevailed on some of the claims that were presented at the evidentiary hearing. Although the plaintiff may have prevailed on some of the issues presented at the March 9, 2009, evidentiary hearing, the defendant is the prevailing party in the matter before the Court for the purposes of awarding costs. A "prevailing party" is a party in whose favor judgment is rendered, regardless of whether that party prevailed on all issues. See All West Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co., 153 F.R.D. 667 ( D. Kansas 1994). The undersigned finds that the transcript from the March 9, 2009, hearing was necessarily obtained for use in the case and further finds that the defendant, as the prevailing party, is entitled to tax the transcript as a cost.

The undersigned recommends that the defendant recover $15,184.22 in fees for printed transcripts.

### C. Fees for Exemplification

The defendant initially requested $10,653.55 in fees for exemplification and copies of paper. The plaintiff objected to the defendant's request on the grounds that the defendant had failed to show that the copies were necessarily obtained for use in the case. 28 U.S.C. § 1920(4) only allows for recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." Following the plaintiff's

6

objections, the defendant withdrew its request for fees for exemplification. The undersigned recommends that the defendant receive no reimbursement for fees for exemplification and copies of paper.

### D.  Witness Fees

The defendant requests $10,560.69 in travel and subsistence expenses for witnesses.  28 U.S.C. §1920(3) provides for "[f]ees and disbursements for . . . witnesses."  Witness travel and subsistence related to deposition or trial is provided for by 28 U.S.C. §1821, which provides that:

> A witness that travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance.  Such a witness shall utilize a common carrier at the most economical rate reasonably available.  A receipt or other evidence of actual cost shall be furnished.

28 U.S.C. §1821(c)(1).  The defendant requests reimbursements for round trip airfare from Salt Lake City, Utah to Miami, Florida for Damian Kidd, Phil Fisher, and Matthew Jarman.  Phil Fisher flew from Salt Lake City to Miami on August 20, 2008, and Damian Kidd and Matthew Jarman took the same trip, as well as two other trips to Miami on September 22, 2008, and October 5, 2008.  The plaintiff objects to these requests claiming that the defendant has not submitted documentation to show that the travel was necessary or that the airfare paid was for the most economical price available.  The defendant has provided credit card records that indicate the price of airfare.  For the round trip airfare from Salt Lake City to Miami with a departure date of August 20, 2008, the defendants request the following costs be taxed: $807.00 for the ticket and booking fee of Damian Kidd, $576.00 for the ticket for Matthew Jarman, and $576.00 for the

ticket for Phil Fisher.  The undersigned finds that $576.00 is a reasonable price for round trip airfare, but finds that the $807.00 for the ticket and booking fee for Damian Kidd should be reduced to $576.00 because that ticket was for the same flight.  Section 1821 requires a witness to find the "most economical rate reasonably available."  The ticket price for Damian Kidd should be reduced to reflect the lower rate available on the same flight.  The defendant should not recover airfare for the flights by Matthew Jarman and Damian Kidd departing on September 22, 2008.  The Court is unable to determine the reason for this travel and the defendant has not provided one.  The flights on August 20, 2008, and October 5, 2008, were necessarily taken so the witnesses could be present to testify at the hearings in front of the Special Master.  Finally, the undersigned finds that the defendant should not recover the $75.00 "additional collection" charges for the flights by Matthew Jarman and Damian Kidd on October 5, 2008.  The defendant makes no attempt to explain the necessity of these charges that are in addition to the reasonable $316.00 charged for each ticket.  The undersigned recommends that the defendant receive reimbursement in the amount of $576.00 for the August 20, 2008, travel of Damian Kidd, $576.00 for the August 20, 2008, travel of Matthew Jarman, $576.00 for the August 20, 2008, travel of Phil Fisher, $316.00 for the October 5, 2008, travel of Matthew Jarman and $316.00 for the October 5, 2008, travel of Damian Kidd, for a total of $2,360.00 for witness transportation.

     Section 1821 further provides that:

> A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

28 U.S.C. §1821(d)(1). The defendant's subsistence requests include hotel accommodations and food for three different witnesses for a total of $6,491.69. Section 1821 provides the maximum subsistence allowance for witnesses. See 28 U.S.C. §1821 (d)(2). Section 1821 states:

> A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. §1821(d)(2). The subsistence allowance for Miami, Florida is $208.00 per day between October 1, 2008, and February 28, 2008, and $180.00 per day between March 1, 2008, and September 30, 2008[3]. The undersigned finds that the defendant may recover a subsistence allowance for a total of nine days at the $180.00 rate for the attendance at the August Special Master Hearing by Damian Kidd, Phil Fisher, and Matthew Jarman and for a total of twelve days at the $208.00 rate for Damian Kidd and Matthew Jarman to attend the October Special Master Hearing. The undersigned recommends that the defendant receive reimbursement in the amount of $4,116.00 in fees for witnesses related to subsistence.

The undersigned recommends a total cost award of $21,660.22.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the defendant be awarded a total of **$21,660.22** in costs. The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any with the

---

[3] The Subsistence Allowance prescribed by the Administrator of General Services is published on the U.S. General Services Administration Website (http://www.gsa.gov)

9

Honorable Paul Huck, United States District Judge.  Failure to file timely shall bar the parties from attacking on appeal the factual findings contained herein.  28 U.S.C. § 636(b)(1); LoConte v. Dugger, 847 F.2d 745 (11th Cir.  1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 9 96 F.2d 1144, 1149 (11th Cir. 1993).

    RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 11th day of August, 2009.

                                                                           JOHN J. O'SULLIVAN
                                                                           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Seitz
All Counsel of Record