UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-21140-CIV-HUCK/O'SULLIVAN

NISSIM CORP., a Florida corporation,

        Plaintiff,

vs.

CLEARPLAY, INC., *et al*.,

        Defendants.
_____/

## CLEARPLAY'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE CONCERNING TAXATION OF SPECIAL MASTER FEES AND COSTS

Defendant, ClearPlay, Inc., hereby objects to the report and recommendation of Magistrate Judge O'Sullivan [D.E. 668], recommending that ClearPlay's motion to tax the fees and costs of special master against Plaintiff, Nissim Corp., be denied.

### SPECIAL MASTER PROCEEDING

By its order of July 8, 2008 [D.E. 563], this Court appointed David Friedland, Esq., as a Special Master to evaluate a representative sample of movies which Nissim complained were not filtered in compliance with the Settlement and License Agreement between the parties (the "License Agreement"). On February 11, 2009, after hearing witnesses and argument, and reviewing demonstrative evidence submitted by the parties, the Special Master produced an amended report and recommendation [D.E. 604], recommending that the Court find that ClearPlay's filters complied with the License Agreement.

After reviewing Nissim's objections [D.E.'s 612, 631], this Court concluded *de novo* that the Special Master correctly determined the scope of the contested provisions of the agreement, and further concluded that the Special Master committed no clear error in his determination that

ClearPlay complied with the agreement.[1]  The Court's order [D.E. 639] was entered on March 31, 2009.

In its order, the Court observed that Paragraph 4.6 of the License Agreement contained the "provision … bargained for by the parties … to which they should turn if another dispute [were to arise] related to the compliance of any ClearPlay filters."  *Id.* at 5.  Importantly, Paragraph 4.6 provides that the losing party shall be required to "pay the Special Master fees."  License Agreement at ¶ 4.6.

## ARGUMENT

### Standard of Review

Title 28 U.S.C. § 636(b)(1) provides for de novo review of magistrate judges' reports and recommendations:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

### Authority to (Re)Apportion under Rules 53 and 54

In its motion before the magistrate judge [D.E. 642], ClearPlay argued that the traditional and long-standing practice inside and outside this Circuit is to award special master fees and costs to the prevailing party, under Rules 53 or 54 or the Federal Rules of Civil Procedure.  *See, e.g.*, *Gary W. v. Louisiana*, 601 F.2d 240 (5th Cir. 1979) (applying Rule 54); *K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471, 476-77 (9th Cir. 1974) (applying Rule 54); *Wilson v. Homestead Valve Mfg. Co.*, 217 F.2d 792, 800 (3d Cir. 1954) (applying Rules 53 and 54); *Chemical Bank &*

---

[1] This level of review was agreed between the parties and described in the Court's order appointing the Special Master.

*Trust Co. v. Prudence-Bonds Corp.*, 207 F.2d 67, 77-78 (2d Cir. 1953) (same). *See also* 10 Wright & Miller, *Fed. Prac. & Proc. Civil 3d*: § 2677 at 452 (3d ed. 2008) (citing cases where "expenditures incurred by reference to a special master" were taxed as costs under Rule 54).

ClearPlay further pointed out that this was true whether or not the order of reference provided for an equal apportionment of the special master's fees and costs. *See Fulton Fed. Sav. & Loan Assoc. v. American Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991).

In response, Nissim raised three objections: (1) Rule 54 did not provide authority for taxation of these fees and costs; (2) the cases cited by ClearPlay relied on a previous version of Rule 53; and (3) to award these fees and costs now would constitute unfair surprise to Nissim.

As ClearPlay pointed out in its reply [D.E. 653], and as the magistrate judge apparently agreed, Nissim's first two objections are beside the point. *See* Report and Recommendation at 4-5. The necessary and sufficient authority for an apportionment of fees and costs can be found entirely within Rule 53(g), without reliance on Rule 54. In *Aird v. Ford Motor Co.*, 86 F.3d 216 (D.C. Cir. 1996), the Cout of Appeals for the District of Columbia Circuit explained:

> We need not address appellants' Rule 54(d) contentions because the district court properly approved Ford's request for reimbursement of special master's fees under Rule 53(a). *Crawford Fitting* [482 U.S. 437 (1987)] makes clear not only that costs not enumerated in § 1920 may be taxed if there is a contractual or an express statutory source of authority to do so, but also leaves Rule 53(a) unscathed. *Rule 53 vests the district court with authority to allocate master's fees in favor of the prevailing party.*

*Id.* at 221 (emphasis added) (citation omitted). The scope of the Rule 53 apportionment power also renders Nissim's objections related to 28 U.S.C. § 1920 inapposite. *See id.*

The magistrate judge further agreed that the apportionment power was preserved at section (g) of the present Rule 53 (it had previously been found in section (a)). *See* Report &

3

Recommendation at 4.  Indeed the power of *reapportionment*, previously implicit in Rule 53(a), is now explicit in Rule 53(g).  *See* 9C Wright & Miller, *Fed. Prac. & Proc. Civil 3d*: § 2608.

### Surprise

Notwithstanding its rejection of Nissim's legal arguments, the magistrate judge was apparently concerned that a reapportionment of fees after ClearPlay prevailed might constitute unfair surprise to Nissim.  *See id.* at 7.  ClearPlay objects to this recommended determination.  It is the longstanding custom of courts to award special master fees and costs to the prevailing party.  Thus, Nissim cannot claim to be "surprised" at its possible exposure to fees, since, as the *Aird* court noted, taxation of these amounts is a "widespread practice."  86 F.3d at 222 (apportioning and taxing fees under Rule 53, despite absence of explicit authority in order of reference). The only surprise to Nissim, if any, is that it did not prevail.

Moreover, Nissim has had notice and an opportunity to be heard, both before the magistrate judge and before this Court, so it can hardly claim to have been prejudiced in any way.  Notice and opportunity to be heard is all that is required by the Rule before a court "may set a new basis and terms" for the master's compensation.  *See* Fed. R. Civ. P. 53(g)(1).

And if that were not enough, Paragraph 4.6 of the License Agreement not only authorizes, but mandates the apportionment of fees and costs against the losing party:

> Mapping Dispute Resolution.…  If the parties are unable to amicably resolve the issue raised in the email or written notice, the matter may be submitted by either party to a Special Master jointly appointed by the parties to determine if ClearPlay was compliant with the terms of this Agreement related to creation of ClearPlay CustomPlay OC Maps.…  If the Special Master determines that ClearPlay has not been compliant, ClearPlay will modify the ClearPlay CustomPlay OC Map at issue as directed by the Special Master and pay the Special Master's fees.  *In the event that the Special Master determines that ClearPlay has been compliant, Nissim shall pay the associated fees*….

License Agreement at ¶ 6.  This Court has recognized that this was a mapping (i.e., a filter) dispute, and the special master appointed to resolve that dispute determined that ClearPlay's maps were compliant.  *See* Order [D.E. 639] at 5.  Paragraph 4.6 is the provision of the License Agreement which should have been invoked by Nissim at the outset and Nissim should not now be able to escape its obligation to pay the Special Master's fees by having inappropriately brought the dispute before this Court – and it certainly should not be encouraged in that regard.  In this case, it would be inequitable – and a surprise indeed – to allow Nissim to escape its obligations under Paragraph 4.6.

## Other Factors

The magistrate judge also stated that ClearPlay "has neither argued nor presented any evidence that any of the factors identified in Rule 53(g)(3) warrant a different allocation than the 50/50 allocation."  *See* Report and Recommendation at 7.  He identified these factors as "the amount in controversy, the parties' means, and whether and the extent to which any party is more responsible than other parties for the reference to a special master.  An interim allocation may be amended to reflect a decision on the merits."  *Id.* at n.2 (quoting the Rule).  Contrary to the magistrate judge's conclusion, ClearPlay did, in its reply [D.E. 653] state:

> None of the factors considered in apportioning master fees weigh against apportionment here. The recourse to the special master was necessitated by Nissim's disregard of the dispute resolution provision of the Settlement Agreement, Nissim's means are orders of magnitude greater than ClearPlay's, and there is nothing peculiar about the nature of the controversy that would call for a departure from common practice.

*Id.* at 5; *see also id.* at 3 ("Special master expenses in this case were necessitated because Nissim declined to comply with the procedures outlined in the Settlement Agreement. Nissim does not assert that the party's relative means weigh against an award, nor does it offer any principled

5

reason why the nature and amount of this controversy should incline the Court against the traditional practice of awarding special master fees and costs.").

ClearPlay respectfully suggests that the first three 53(g) "factors" appear, from a formal standpoint, to address the considerations attendant upon an initial allocation of special master fees and costs. That is, they are distinguished from the consideration of "the merits" which is devoted to a separate sentence unto itself. But, in any event, Nissim has introduced nothing to suggest that these "factors" weigh *against* the apportionment of the special master's fees and costs in this case. If the first three "factors" are neutral, then ClearPlay's status as prevailing party both under the long-standing traditions and wide-spread practices of the courts applying Rule 53, and under the explicit provisions of Paragraph 4.6 of the License Agreement, are themselves sufficient to "tip the balance" in ClearPlay's favor, and tax those fees and costs against Nissim.

## CONCLUSION

Because ClearPlay prevailed on the merits of its claim before the special master, it is entitled to recover the special master's fees and costs it incurred, both under the established practices of the courts of this Circuit and elsewhere, and under the terms of the License Agreement itself. Nissim has introduced no evidence or argument suggesting that the other "factors" listed in Rule 53(g) – assuming, arguendo, that they apply to the question of final apportionment at all – should incline the Court in a contrary direction.

WHEREFORE, ClearPlay, Inc., respectfully OBJECTS to the report and recommendation of Magistrate Judge O'Sullivan, and asks that this Court, upon de novo review, GRANT its motion to tax special master's fees and related costs against Plaintiff and Nissim Corp., for the reasons stated above and therein.

|  |  |
|---|---|
| *Dated*: September 2, 2009 | /s *Thomas Meeks* <br> Thomas Meeks (Fla. Bar No. 314323) <br> email: tmeeks@carltonfields.com <br> Matthew Davidson (Fla. Bar No. 713821) <br> email: mdavidson@carltonfields.com <br> CARLTON FIELDS, P.A. <br> 100 S.E. Second Street, Suite 4000 <br> Miami, FL 33131 <br> Tel:  (305) 530-0050 <br> Fax:  (305) 530-0055 <br><br> and <br><br> David J. Jordan, (*pro hac vice*) <br> djjordan@stoel.com <br> David L. Mortensen (*pro hac vice*) <br> dlmortensen@stoel.com <br> Stoel Rives LLP <br> 201 South Main Street <br> Suite 1100 <br> Salt Lake City, UT 84111 <br> Tel: (801) 328-3131 <br> Fax: (801) 578-6999 <br> *Attorneys for Defendant ClearPlay, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　　*s/     Thomas Meeks　　　*
　　　　　　　　　　　　　　　　　　　　　　　Thomas Meeks

**SERVICE LIST**
**Nissim v. Clearplay**
Case No. 04-21140-CIV-HUCK/O'SULLIVAN
United States District Court, Southern District of Florida

John C. Carey, Esq.
jcarey@crgplaw.com
Carey Rodriguez Greenberg & Paul, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: 305-372-7474
Fax: 305-372-7475
*Counsel for Plaintiff Nissim Corp.*
(Via Electronic Notice)