**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 04-21140-CIV-HUCK/O'SULLIVAN

NISSIM CORP.,

        Plaintiff,

vs.

CLEARPLAY, INC., et al.

        Defendants.
_____/

**NISSIM CORP.'S RESPONSE TO CLEARPLAY, INC.'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE CONCERNING TAXATION OF SPECIAL MASTER FEES AND COSTS**

Plaintiff Nissim Corp. ("Nissim") hereby responds to Defendant ClearPlay, Inc.'s ("ClearPlay") Objection to the Report and Recommendation of the Magistrate Judge Concerning Taxation of Special Master Fees and Costs (the "R&R") and in support states:

## **INTRODUCTION**

ClearPlay wants the Court to ignore the Magistrate Judge's carefully considered R&R, conduct a de novo review, and tax Nissim over $100,000 for ClearPlay's agreed-upon one-half share of the special master fees and related costs.[1] To the contrary, this Court should affirm the Magistrate Judge and deny ClearPlay's Motion to Tax Special Master's Fees and Related Costs. First, the Court need not consider ClearPlay's objection because ClearPlay fails to adequately specify the portions of the Magistrate Judge's R&R to which it objects and the specific bases for such objection. In addition, ClearPlay incorrectly premises its objection on the de novo standard of review. Applying the correct standard of review, the Magistrate Judge's ruling must be affirmed because it is not clearly erroneous or contrary to law.

First, although ClearPlay may currently be the prevailing party on the issues referred to the special master, Rule 54(d)'s presumption in favor of awarding costs to the prevailing party does not apply because the costs that ClearPlay seeks to recover are not authorized by statute, as the Magistrate Judge found. Second, as ClearPlay concedes, this Court already allocated payment of the special master's fees, pursuant to a joint stipulation which ClearPlay drafted. *See* D.E. 563 at 10. The Court should decline ClearPlay's invitation to reapportion those fees at this late stage because ClearPlay has not shown that the Magistrate Judge's findings on the Rule (g)(3) factors are clearly erroneous nor has ClearPlay shown that the Magistrate Judge's finding

---

[1] ClearPlay separately sought to tax $43,827.24 in costs against Nissim. D.E. 643-2 at 1. After reviewing the parties' briefs, the Magistrate Judge recommended that $21,660.22 be taxed as costs against Nissim. D.E. 667. Although Nissim did not agree with the recommendation, it did not burden the Court with objections. The Court adopted the Magistrate Judge's report and recommendation and taxed $21,660.22 in costs against Nissim. D.E. 670.

that re-apportionment would work an unfair surprise on Nissim is clearly erroneous. The cases ClearPlay cites do not support ClearPlay's motion and, as the Magistrate Judge found, are distinguishable from this case. Therefore, this Court should affirm the Magistrate Judge's R&R and deny ClearPlay's Motion to Tax Special Master's Fees and Related Costs.

## STANDARD OF REVIEW

The standard of review the Court employs in considering a Magistrate Judge's submission depends upon whether the motion at issue is viewed as dispositive or non-dispositive. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A) (2009). In this District and elsewhere, courts have viewed motions to tax costs as non-dispositive. *See Dir. of Office of Thrift Supervision, U.S. Dept. of Treasury v. Lopez*, 141 F.R.D. 165, 166 (S.D. Fla. 1992); *Hakim v. Cannon Avent Group, PLC*, 2007 WL 3120671, at *1 (W.D. La. Oct. 23, 2007); *Scherer v. City of Merriam*, 2001 WL 1155079, at *5 (D. Kan. Sept. 5, 2001) ("Plaintiff asks for de novo review of [magistrate's ruling denying taxation of service costs]... [But] such matters are reviewed to determine if the ruling was 'clearly erroneous or contrary to law.'").

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a Magistrate Judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (2009). ClearPlay has not satisfied, and cannot satisfy, the clearly erroneous standard here.

## ARGUMENT

**I.    The Court need not consider ClearPlay's objection because ClearPlay has not specifically identified those findings objected to and the specific basis for such objections.**

As a threshold matter, ClearPlay has not specifically identified those findings objected to and the specific bases for such objections. Local Magistrate Rule 4(b) demands that written objections "shall specifically identify the portions of the proposed findings, recommendations or

3

report to which objection is made, the specific basis for such objections, and supporting legal authority." *State Contracting & Eng'g Corp. v. Condotte America, Inc.*, 368 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005) (citing S.D. Fla. L.R. 4(b)). It is incumbent upon a party filing objections to an R&R to *specifically* identify those findings objected to and the specific basis for such objections. *Id.* (citing *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988), *cert. denied*, 488 U.S. 983 (1988)). If an objection fails to identify such specific findings or specific basis, the district court need not even consider the objection. *Id.* at 1300-01. Here, ClearPlay's objection to the Magistrate Judge's R&R does not contain the specificity required by rule. Accordingly, this Court need not even consider ClearPlay's objection. *See id.*[2] However, to the extent the Court entertains ClearPlay's objection, Nissim will demonstrate that the Magistrate Judge's ruling was not clearly erroneous or contrary to law, and therefore it should be affirmed.

## II. The Magistrate Judge's ruling is not clearly erroneous or contrary to law and therefore should be affirmed.

The Magistrate Judge found that ClearPlay's Motion should be denied because: 1) an award of special master's fees and related costs is not authorized under Rule 54; and 2) the factors contained in Rule 53 do not warrant an award of Special Master's fees under the circumstances present in this action. *See* D.E. 668. Although ClearPlay failed to analyze the Magistrate Judge's ruling under the correct standard, even if it had, the Magistrate Judge's ruling

---

[2] *Cf. Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (finding plaintiff waived argument on certain issues decided against him by magistrate judge where objections simply identified discrete claims for which magistrate judge's recommendations were adverse to plaintiff and then urged that they instead be resolved in plaintiff's favor); *Smith v. Barnhart*, 338 F. Supp. 2d 761, 762 n.1 (S.D. Tex. 2004) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider."); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D. N.C. 2003) ("A general objection ... has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

4

is not clearly erroneous. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, (1948); *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

>    **A.    The Magistrate Judge's ruling that an award of Special Master fees and costs is not appropriate under Rule 54 is not clearly erroneous or contrary to law.**

The Magistrate Judge found that an award of special master fees and related costs is not authorized under Rule 54.[3] D.E. 668 (the Magistrate Judge's R&R) at 3-4 (citing *Crawford Fitting Co. v. J.T. Gibbons*, *Inc.*, 482 U.S. 437, 445 (1987); *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Perez v. Carey Int'l., Inc.*, 2008 WL 4490750 (S.D. Fla. Sept. 26, 2008) As the Magistrate Judge concluded, these cases establishthat an award of special master fees and costs is not appropriate under Rule 54.[4]

Rule 54(d)(1)'s provision for awarding costs to the prevailing party is inapplicable because the "costs" that ClearPlay seeks to recover are not authorized by statute. *Perez v. Carey Int'l., Inc.*, No. 06-22225-CIV, 2008 WL 4490750, at *5-6 (S.D. Fla. Sept. 26, 2008) (Seitz, J.) (declining to tax special master's fees as costs); *see Crawford Fitting Co. v. J.T. Gibbons*, *Inc.*, 482 U.S. 437, 441-442 (1987); *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford*, 482 U.S. at 445); *see generally* 28 U.S.C. § 1920.

In *Perez* – a case decided in this District one year ago – the court considered a motion that, like ClearPlay's, sought to tax a special master's fees as costs. *Perez*, 2008 WL 4490750, at *5-6. The plaintiffs argued that the special master's fees should have been included in the costs

---

[3] Nissim will separately address the Magistrate Judge's ruling that the costs for equipment and conference room rentals for the special master hearings are not taxable. *See infra* Part II.C.

[4] Curiously, ClearPlay argues that Nissim's argument that Rule 54 does not provide authority for taxation of the fees and costs ClearPlay seeks to tax is "beside the point" (D.E. 669 at 3). As both Nissim and the Magistrate Judge pointed out, however, ClearPlay moved to tax the special master's fees and costs as well as the costs incurred to rent the space and equipment required by the special master to conduct the hearings pursuant to Federal Rule of Civil Procedure 54. *See* D.E. 642 at 1-4. Moreover, ClearPlay appears to still be relying on Rule 54. *See* D.E. 669 at 2-3. Thus, ClearPlay has needlessly forced Nissim to illustrate (twice), and the Magistrate Judge to decide, that ClearPlay had no basis under Rule 54 to tax the claimed special master fees and costs against Nissim. *See* D.E. 646 at 4-6.

taxed on the defendants. *Id.* at *5 (stating that plaintiffs cited *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1323-24 (5th Cir. 1978)). The court denied plaintiffs' motion.

First, courts do not have the power to tax costs except as prescribed by Congress. *See id.* at *5; *see Crawford*, 482 U.S. at 441-442, 445; *EEOC*, 213 F.3d at 620 (citing *Crawford*, 482 U.S. at 445). Congress specified those costs taxable against a losing party in 28 U.S.C. § 1920. *Perez*, 2008 WL 4490750, at *5. Those are the only costs that are taxable. *Id.*; *see Crawford*, 482 U.S. at 441-442, 445; *EEOC*, 213 F.3d at 620 (citing *Crawford*, 482 U.S. at 445). The services of a special master are not included under § 1920. *Perez*, 2008 WL 4490750, at *5; *see generally* 28 U.S.C. § 1920. Thus, the services of the special master, here, are not taxable against Nissim. *See Perez*, 2008 WL 4490750, at *5. ClearPlay's Motion should be denied.

Second, the special master's fees are not recoverable as costs under 28 U.S.C. § 1920(6) because section "1920(6) authorizes the recovery of fees paid to court-appointed *expert witnesses* and interpreters" and "the Special Master was neither an expert witness nor an interpreter." *Id.* at *5, *5 n.9 (noting that "[a]n award of expert fees under § 1920(6) is limited to a statutory rate of $40 per day…."). Here, unlike in *Perez*, ClearPlay does not argue for relief under section 1920(6). However, ClearPlay is seeking the same end result: to tax the special master's fees as costs. Thus, even if ClearPlay had argued this, it would fail for the same reasons given in *Perez*. *See id.*

The *Perez* court also distinguished the Fifth Circuit authority on which plaintiffs relied. *See id.* It explained that the Fifth Circuit decided *Carpa*, plaintiffs' authority, prior to the United States Supreme Court's decision in *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437 (1987). *Id.* In *Crawford*, the Supreme Court held that courts do not have the power to tax costs except as prescribed by Congress. *Id.*; *see Crawford*, 482 U.S. at 445 ("Any argument that a federal court

is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes in pari materia."). Likewise, ClearPlay's reliance on old Fifth Circuit authority, *Gary W. v. Louisiana*, 601 F.2d 240, 246 (5th Cir. 1979), for the proposition that Rule 54(d) provides sufficient authority to tax the losing party with the full share of a special master's fee (*see* D.E. 642 at 3) is unavailing. *See Perez*, 2008 WL 4490750, at *5.

As shown above, the authorities the Magistrate Judge cited are precedential and persuasive, including a case from the United States Supreme Court, the Eleventh Circuit and a recent case from this District. Thus, the Magistrate Judge's ruling, that an award of Special Master fees and related costs is not appropriate under Rule 54, is not clearly erroneous or contrary to law. *See Crawford*, 482 U.S. at 441-442, 445; *EEOC*, 213 F.3d at 620 (citing *Crawford*, 482 U.S. at 445); *Perez*, 2008 WL 4490750, at *5.

> **B.     The Magistrate Judge's ruling that the factors contained in Rule 53 do not warrant an award of special master's fees under the circumstances present in this action is not clearly erroneous or contrary to law.**

As the Magistrate Judge noted, the Court's Order Appointing Special Master provided as follows regarding compensation of the special master:

> Mr. Friedland shall be compensated by the parties for his time at the rate of $550 per hour, and shall render monthly bills to ClearPlay and Nissim each for half of the amount of fees incurred. Absent a good faith objection concerning the reasonableness of the fees charged, the parties shall pay their respective share of Mr. Friedland's bills within 30 days of receipt.

D.E. 563, ¶ 8. This allocation should not have come as a surprise to ClearPlay, because ClearPlay agreed to this 50/50 allocation. In fact, ClearPlay's counsel drafted the first sentence quoted above as part of a draft order appointing the special master. *See* D.E. 646-2, Declaration of John C. Carey, Ex. B, ¶ 5. The parties also proposed that agreed 50/50 allocation to the Court within their joint notice of filing proposed order appointing special master. D.E. 561-2 ¶ 8. Four

days later, the parties jointly filed a notice of filing revised order appointing special master that added the second sentence quoted above and retained the 50/50 allocation language unaltered. D.E. 562-2 ¶ 8.  As noted above, the Court's Order Appointing Special Master adopted the 50/50 allocation language to which the parties agreed. *See* D.E. 563, ¶ 8.  Having agreed to the 50/50 allocation with Nissim and having proposed it to the Court, which then adopted the proposal, it is without merit for ClearPlay now to argue that Nissim must pay ClearPlay's share of the master's fees.

Rule 53 provides that the court must allocate payment among the parties after considering:  1) the nature and amount of the controversy; 2) the parties' means; and 3) the extent to which any party is more responsible than other parties for the reference to a master. Fed. R. Civ. P. 53(g)(3).  Here, ClearPlay drafted the language of the 50/50 allocation (*see* D.E. 646-2 ¶¶ 1-2, Exs. A-B) and the parties jointly proposed the 50/50 split to the Court (*see* D.E. 561-2 at 10-11; 562-2 at 10-11).  ClearPlay should not be permitted to object to this allocation at this stage of the proceedings and with arguments that are not even based upon Rule 53(g)(3). Even if this Court were to give ClearPlay the benefit of arguments it has not made, which it should not, the Court still should not disturb its existing allocation of the special master's fees and costs.

The nature and amount of the controversy have been constant since Nissim moved to enforce the parties' Settlement and License Agreement.  If ClearPlay objected to the 50/50 allocation based on this factor, it could and should have argued for a different allocation than the 50/50 allocation to which the parties agreed.  As noted above, ClearPlay even drafted the language of the 50/50 allocation.  *See* Carey Decl., Exs. A-B.  ClearPlay should not be permitted to reverse course and argue for a different allocation at this stage of the proceedings.

Furthermore, this is not a matter of public interest that is deserving of special protection. *See* Fed. R. Civ. P. 53(h) advisory committee's note (2003) ("The nature of the dispute also may be important--parties pursuing *matters of public interest*, for example, may deserve special protection.") (emphasis added).

Likewise, ClearPlay has never argued or presented evidence that the parties' means warrant a different allocation. Were this a factor, then ClearPlay presumably would not have drafted a 50/50 allocation and jointly filed such a proposed order with the Court.

The third factor involves the extent to which any party is more responsible than other parties for the reference to a master. Fed. R. Civ. P. 53(g)(3); *see* Fed. R. Civ. P. 53(h) advisory committee's note (2003) ("A party **whose unreasonable behavior has occasioned the need to appoint a master,** on the other hand, may properly be charged all or a major portion of the master's fees.") (emphasis added). Here, ClearPlay has not argued that Nissim engaged in unreasonable behavior that occasioned the need to appoint a special master. To the contrary, Nissim was not any more responsible than ClearPlay for the reference to a master.

ClearPlay also cannot dispute that it benefited from the services of the special master. Accordingly, as other courts have found, each side should pay half the fees and expenses. *See, e.g., Atl. Richfield Co. v. Am. Airlines, Inc.*, 98 F.3d 564, 572 (10th Cir. 1996) (affirming district court ruling that because both sides benefited from services of settlement judge, each side should pay half of fees and expenses). Since this is the existing allocation here, it should not be disturbed and ClearPlay has not established otherwise.

Finally, while a court has the power to later amend its allocation, the drafters of Rule 53 cautioned in 2003 that a court should protect the parties against unfair surprise. Fed. R. Civ. P. 53(h) advisory committee's note (2003) ("The basis and terms for fixing compensation should be

stated in the order of appointment. The court retains power to alter the initial basis and terms, after notice and an opportunity to be heard, *but should protect the parties against unfair surprise*.") (emphasis added).

This Court already complied with Rule 53(g)(3) and stated the terms for fixing the compensation of the special master in its order of appointment. *See* D.E. 563, ¶ 8. Moreover, ClearPlay not only agreed to those terms but jointly proposed them to the Court (*see* D.E. 646-2, Ex. B, ¶ 5). *Compare* D.E. 563, ¶ 8 *with* D.E. 561-2, ¶ 8 *and* D.E. 562-2, ¶ 8. In making its allocation, the Court allocated payment among the parties presumably considering the fact that the parties had agreed on the 50/50 allocation in addition to the factors referred to in Rule 53(g)(3). As a result, if this Court were to grant ClearPlay's Motion, and now tax all of the special master's fees and related costs against Nissim, then it would surely create an unfair surprise. ClearPlay never before argued that the nature and controversy warranted that Nissim pay the full amount or any part of ClearPlay's share of the fees. ClearPlay never before argued or submitted evidence that the parties' means warranted a change in the allocation. And ClearPlay never before argued that Nissim is more responsible than ClearPlay for the reference to a master.

As the Magistrate Judge found, taxing Nissim with the full amount of the special master's fees would result in unfair surprise because the special master hearing was prolonged, through no fault of Nissim, far beyond what was originally anticipated, thereby substantially increasing the resulting fees charged by the special master. Under the Court's Order Appointing Special Master, the hearing before the special master was supposed to be completed in no more than two days. (D.E. 563 ¶¶ 4(l), 6(l).) In keeping to that expedited schedule, Nissim limited its case in chief to just one witness, and rushed to complete its direct examination of that witness in

approximately one-half of one day. *See* 8/21/08 Hr'g Tr., filed under seal 12/23/08. To Nissim's surprise, however, ClearPlay then proceeded to cross-examine Nissim's witness for almost *two and a half days*. *See* 8/21/08 Hr'g Tr., 8/22/08 Hr'g Tr., 10/6/08 Hr'g Tr., filed under seal 12/23/08. ClearPlay then called three witnesses in its case in chief. The testimony of these three witnesses took *three more days* to complete (albeit including cross-examination). *See* 10/7/08 Hr'g Tr., 10/8/08 Hr'g Tr., 10/10/08 Hr'g Tr., filed under seal 12/23/08. As a result, what was supposed to be a two-day hearing turned into a six-day hearing (without ever getting to the second phase). At the special master's hourly rate of $550, the total fees thus quickly surpassed anything that Nissim could have anticipated at the outset. Requiring Nissim to now pay ClearPlay's share of the fees would constitute an unfair surprise.

      The Magistrate Judge agreed. *See* D.E. 668 at 4-7. Specifically, the Magistrate Judge reasoned that: 1) the parties expressly agreed to the division of costs and jointly provided a proposed order to the Court splitting the special master's fees on a 50/50 basis; 2) the Court adopted the language jointly proposed by the parties regarding the equal division of the special master's cost; and 3) after agreeing to this equal division of special master's fees, ClearPlay unfairly sought to tax the special master's fees against Nissim. *Id.* at 5. ClearPlay cannot and has not challenged any of these findings as clearly erroneous or contrary to law. Moreover, as the Magistrate Judge accurately explained, the "comment to Rule 53 cautions the courts to avoid unfair surprise." *Id.* at 7. Awarding fees of the special master as costs in this case, he stated, "would constitute an unfair surprise particularly where, as here, the parties drafted the order of appointment without any reference to a possible reallocation of the fees." *Id.* ClearPlay cannot and has not demonstrated that the Magistrate Judge's finding is clearly erroneous or contrary to law. Indeed, in asking this Court to reject the Magistrate Judge's R&R, however, ClearPlay

**ignores** these key facts and authorities that Nissim provided in its opposition and the Magistrate Judge relied on in his R&R.  *Compare* D.E. 668 at 4-7, *with* D.E. 669 at 4-5.  ClearPlay has therefore fallen far short of establishing that the Magistrate Judge's findings under Rule 53(g)(3) are clearly erroneous.  ClearPlay's objection to the R&R should accordingly be readily denied.

Moreover, as the Magistrate Judge explained, ClearPlay "has neither argued nor presented any evidence that any of the factors identified in Rule 53(g)(3) warrant a different allocation than the 50/50 allocation."  *Id.* at 7.  In its opposition, Nissim demonstrated that ClearPlay failed to argue or present **any** evidence that any of the Rule 53(g)(3) factors warranted a different allocation than the jointly stipulated, court-ordered 50/50 allocation.  Of course, ClearPlay thereafter tried to buttress its motion with impermissible and unsupported arguments on reply.  Still, ClearPlay failed to provide any grounds why it should be permitted to reverse course and argue at this late stage of the proceedings that any of the factors identified in Rule 53(g)(3) **warrant a different allocation than the jointly proposed and accepted 50/50 allocation**.  ClearPlay has thus demonstrated no clear error in the Magistrate Judge's finding that the factors under Rule 53(g)(3) do not support forcing Nissim to pay ClearPlay's one-half share of the special master fees.

In its objection, ClearPlay asserts that "[c]ontrary to the magistrate judge's conclusion, ClearPlay did, in its reply [D.E. 653] state: [n]one of the factors considered in apportioning master fees weigh against apportionment here…."  *See* D.E. 669 at 5 (quoting from conclusion of reply brief).  However, ClearPlay misapplies Rule 53.  It makes up its own test for applying the Rule 53 factors, in which it shifts the burden of proof onto the non-moving party:

> Nissim has introduced nothing to suggest that these "factors" weigh *against* the apportionment of the special master's fees and costs in this case. If the first three "factors" are neutral, then ClearPlay's status as prevailing party both under the long-standing traditions and wide-spread practices of the courts applying Rule 53,

12

>and under the explicit provisions of Paragraph 4.6 of the License Agreement, are themselves sufficient to "tip the balance" in ClearPlay's favor, and tax those fees and costs against Nissim.

D.E. 669 at 6 (emphasis in original).

ClearPlay is incorrect. The special master's fees and costs were already apportioned in this case. Moreover, it was not Nissim's burden to establish anything. ClearPlay is the movant who asked the Court to change the existing 50/50 allocation that the parties agreed to and the Court adopted in its Order Appointing the Special Master. Thus, ClearPlay bore the burden of showing that the Rule 53(g)(3) factors warrant a different allocation than the 50/50 allocation. Nissim does not have to demonstrate that the factors "weigh *against* the apportionment of the special master's fees and costs in this case", as ClearPlay argues in its objection. *See id.* Fatal to its motion, ClearPlay **never even mentioned** the factors when it filed its motion. It only mentioned the factors in its reply, in response to Nissim's opposition which had pointed out ClearPlay's abject failure of proof. And even though ClearPlay bore the burden of establishing its claim in its opening motion, even now, after the Magistrate Judge has ruled, ClearPlay has still not submitted any evidence that the factors warrant a different allocation than the existing 50/50 allocation.

Of note, ClearPlay's attempted argument based upon paragraph 4.6 of the Settlement and License Agreement is a complete red herring. The Court did **not** appoint the Special Master pursuant to paragraph 4.6 of the Settlement and License Agreement. It appointed the Special Master under Rule 53 of the Federal Rules of Civil Procedure. *See* D.E. 563 at 1 ¶ 1. Thus, the parties were not traveling under paragraph 4.6 during the special master proceeding and thus paragraph 4.6 cannot provide any basis for taxing special master fees as costs against Nissim. Indeed, ClearPlay's instant motion is predicated on Rules 53 and 54 of the Federal Rules of Civil Procedure, not on paragraph 4.6 of the Agreement. ClearPlay's inapposite reliance on paragraph

4.6 of the Agreement also has nothing to do with whether any of the factors identified in Rule 53(g)(3) warrant a different allocation than the 50/50 allocation. Finally, the Court should decline to even consider this belated argument from ClearPlay, because ClearPlay did not first present it to the Magistrate Judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

The Magistrate Judge also easily distinguished the cases on which ClearPlay relied in its motion. *See* D.E. 668 at 5-7. For example, he explained that "[u]nlike Fulton and K-2 Ski Co., the order of appointment at issue in the present case did not provide the additional language (or notice) that the court would potentially tax the master's fees as costs later in the action." *Id.* at 6. The comment to Rule 53(g), he reasoned, "cautions that an award of master's fees as costs should not constitute an unfair surprise" (*id.* at 6) and "cautions the court to avoid unfair surprise" (*id.* at 7). Awarding the fees of the special master as costs in this case, he explained, "would constitute an unfair surprise particularly where, as here, **the parties drafted the order of appointment without any reference to a possible reallocation of the fees**." *Id.* at 7 (emphasis added). ClearPlay notably **never** addressed this evidentiary support that Nissim provided in its opposition and that the Magistrate Judge expressly relied upon in his R&R.

Although it never addresses this key evidentiary support, ClearPlay nevertheless objects to this aspect of the Magistrate Judge's R&R. *See* D.E. 669 at 4. As its only support for its objection, ClearPlay cites *Aird* for the proposition that taxation of these amounts is a "widespread practice." *See id.* (citing *Aird v. Ford Motor Co.*, 86 F.3d 216, 222 (D.C. Cir. 2006). However, the Magistrate Judge stated that *Aird* was not persuasive:

> In Fulton and K-2 Ski Co., upon which Aird relies in part, **the orders of appointment provided advance notice** that the special master fees could be taxed as costs against the non-prevailing party. **In the present case, no such notice was given nor was it contemplated by the parties in the proposed order**.

14

D.E. 668 at 7 (emphasis added). In its objection, ClearPlay merely argues that "Nissim has had notice and an opportunity to be heard, both before the magistrate judge and before this Court, so it can hardly claim to have been prejudiced in any way." D.E. 669 at 4.

ClearPlay is wrong. As the Magistrate Judge stated, the type of notice that Nissim is entitled to is notice given by the Order of Appointment, and no such notice was given in the Order of Appointment (*see* D.E. 563, ¶ 8) nor was it contemplated by the parties in the jointly proposed Order of Appointment (*see* D.E. 668 at 7). ClearPlay cannot dispute that the Order of Appointment did **not** give either party advance notice that the special master fees could be taxed as costs against the non-prevailing party. *See* D.E. 563, ¶ 8. The evidence of what the parties contemplated also shows that Nissim did not have such advance notice. *See* D.E. 668 at 7. As Nissim showed in its opposition, ClearPlay's own counsel **drafted** the part of the proposed Order Appointing the Special Master that called for ClearPlay and Nissim to each be billed monthly for **half** the amount of the special master's fees. *See* D.E. 646 at 7 (citing D.E. 646-2, Ex. B, ¶ 5). The parties also proposed the agreed 50/50 allocation to the Court within their joint notice of filing proposed order appointing special master. *Id.* (citing D.E. 561-2 ¶ 8). Four days later, the parties jointly filed a notice of filing revised order appointing special master that added the second sentence quoted above and retained the 50/50 allocation language unaltered. *Id.* (citing D.E. 562-2 ¶ 8). As noted above, the Court's Order Appointing Special Master adopted the 50/50 allocation language to which the parties agreed. *Id.* (citing D.E. 563 ¶ 8).

ClearPlay also argues that Nissim had notice from paragraph 4.6 of the License Agreement. *Id.* at 4-5. Again, this is a red herring. *See supra*. Had ClearPlay intended to assert that paragraph 4.6 of the Settlement and License Agreement provides a basis for taxing special master fees as costs against Nissim, the time to have given Nissim notice would have been when

the parties were proposing the 50/50 allocation to the Court or before the Court adopted that proposal in its order of appointment. Instead, ClearPlay waited until after the conclusion of the special master proceedings, after the briefing on its motion to tax special master fees and costs, and after the Magistrate Judge already made his R&R on ClearPlay's motion to tax the special master's fees and costs, to make this argument.

For the foregoing reasons, the Magistrate Judge's ruling that the factors contained in Rule 53 do not warrant an award of special master's fees under the circumstances present in this action, is not clearly erroneous or contrary to law, and thus this Court should affirm the Magistrate Judge's R&R.

### C. The Magistrate Judge's ruling that the costs for equipment and conference room rentals for the special master hearings are not taxable is not clearly erroneous or contrary to law.

In its objection, ClearPlay asks this Court to tax all of the fees and costs it sought in its motion, including the costs relating to the conference room rental and equipment rental for the special master hearing. *See* D.E. 669 at 6. However, ClearPlay failed to even specifically object to the Magistrate Judge's ruling that the costs for equipment and conference room rentals for the special master hearings are not taxable. Nevertheless, the ruling is not clearly erroneous or contrary to law.

In addition to disavowing its agreement to pay half of the special master fees, ClearPlay also seeks to renege on its agreement to pay half of the costs for renting conference room facilities and audiovisual equipment for the special master hearing. *See* D.E. 642 at 2. There is absolutely no basis for ClearPlay's request. As the affidavit of ClearPlay's counsel states, rental costs for the hearing room and audiovisual equipment were charged by the Biltmore Hotel, not David Friedland. *See* D.E. 642-2, ¶ 4. These costs are therefore not "compensation of the special master" and are entirely outside the scope of Rule 53(g).

16

Additionally, these costs are not among the authorized costs enumerated by statute. *See* 28 U.S.C. § 1920. As such, these costs are not taxable under Rule 54(d). *Crawford*, 482 U.S. at 441-442, 445; *EEOC*, 213 F.3d at 620; *see also Waste Servs., Inc. v. Waste Mgmt. Inc.*, 2007 WL 1174116, at *5 (M.D. Fla. Apr. 18, 2007) ("Section 1920 is not designed to reimburse for all of the bells and whistles utilized in the presentation or defense of a case. While it may be appropriate to use the latest technology to "manipulate" the evidence in a case, and justifiable to charge a client for same, unless it is included in the language of Section 1920 or authorized by agreement of the parties, the expense is not a taxable cost.").

Finally, it cannot be disputed that ClearPlay agreed to split these costs. Prior to booking the hearing room and related audiovisual equipment, Nissim's counsel confirmed that the parties were going to split the costs. *See* D.E. 646-2, Ex. C ("Please review the attached and confirm your agreement to the booking, which the sides will split."). ClearPlay's counsel agreed, stating "Okay, sounds good." *Id.*; *see also id.*, Ex. D ("John, were you able to get the Biltmore again for the week of the 22nd?"); Ex. E ("I agree on behalf of ClearPlay."). Having expressly agreed to pay half of the costs for renting the hearing room and audiovisual equipment, it is entirely without merit for ClearPlay now to request that Nissim must pay those costs. Thus, the Magistrate Judge's ruling, that ClearPlay's one-half share of the costs for equipment and conference room rentals for the special master hearings is not taxable against Nissim, is not clearly erroneous or contrary to law.

## **CONCLUSION**

For the foregoing reasons, Nissim respectfully requests that this Court affirm the Magistrate Judge's Report and Recommendation and deny ClearPlay's Motion to Tax Special Master's Fees and Related Costs.

Dated: September 25, 2009								Respectfully submitted,

                *s/ John C. Carey*_____
                John C. Carey (Fla. Bar No. 78379)
                *jcarey@crgplaw.com*
                Allison J. Cammack (Fla. Bar No. 17224)
                *acammack@crgplaw.com*
                CAREY RODRIGUEZ GREENBERG & PAUL LLP
                1395 Brickell Avenue, Suite 700
                Miami, Florida 33131
                Telephone:  (305) 372-7474
                Facsimile:  (305) 372-7475

                *Counsel for Plaintiff Nissim Corp.*


## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                *s/ John C. Carey*_____
                John C. Carey

SERVICE LIST
Nissim Corp. v. ClearPlay, Inc., et al.
Case No. 04-21140-Civ-Huck/O'Sullivan
United States District Court, Southern District of Florida

| | |
|---|---|
| Thomas Meeks, Esq. | David J. Jordan, Esq. |
| *tmeeks@carltonfields.com* | *djjordan@stoel.com* |
| CARLTON FIELDS, P.A. | David L. Mortensen, Esq. |
| 100 S.E. Second Street, Suite 4000 | *dlmortensen@stoel.com* |
| Miami, Florida 33131 | STOEL RIVES LLP |
| Telephone: (305) 530-0050 | 201 South Main Street, Suite 1100 |
| Facsimile: (305) 530-0055 | Salt Lake City, Utah 84111 |
| | Telephone: (801) 328-3131 |
| | Facsimile: (801) 578-6999 |

*Counsel for Defendants*
*ClearPlay, Inc., Matthew Jarman, Lee Jarman and William Aho*
*(Via transmission of Notice of Electronic Filing)*